IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | CASE NO.: CR406-376 |
| | : | |
| REBECCA LENTZ | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Rebecca J. Lentz has filed a Motion to Dismiss the Indictment (Doc. No. 11), and the Government has filed a Response (Doc. No. 15). For the following reasons, Defendant's Motion to Dismiss should be **DENIED**.

In her Motion to Dismiss, Defendant asserts that the Indictment charging her with Health Care Fraud and with Making False Statements Relating to a Health Care Matter is so "vague and ambiguous" that it fails to inform her of the charges against her. Defendant contends that the Indictment's lack of specificity leaves her unable to prepare a defense in violation of the Sixth Amendment and open to the risk of double jeopardy in violation of the Fifth Amendment. (Doc. No. 11, p. 2). Defendant contends that the Indictment "fails to identify any particular basis for any specific count as to what was supposedly false or fraudulent" and that it fails to identify any particular statement as false or fraudulent. (Doc. No. 11, pp. 1-3).

In its Response, the Government asserts that the Indictment is sufficiently specific and that it in fact tracks the language of the statutes Defendant allegedly

violated. (Doc. No. 15, p. 4). The Government alleges that the Indictment identifies the manner and means by which the scheme to defraud was allegedly executed, and specifies what claims were allegedly submitted in execution of the scheme. (Id.).

## DISCUSSION AND CITATION OF AUTHORITY

An indictment is sufficient "if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Dabbs, 134 F.3d 1071, 1079 (11th Cir.1998). Additionally, the Federal Rules of Criminal Procedure require that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." FED. R. CRIM. P. 7(c)(1).

Count One of the Indictment charges that beginning on an unknown date and continuing until about June 30, 2006, Defendant:

> aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud Georgia Medicaid or to obtain, by means of false or fraudulent pretenses, representations, or promises, money or property owned by, or under the custody or control of, Georgia Medicaid in connection with the delivery of or payment for health care benefits, items, or services.

(Doc. No. 1, p. 4). This charge tracks the language of 18 U.S.C. §1347. Count One more specifically alleges that on November 21, 2005, Defendant submitted a false and fraudulent application for retroactive eligibility to Medicaid for services on behalf of her five minor children, knowing that the application was false and that she was ineligible to receive benefits from Medicaid. (Doc. No. 1, p. 5).

Counts Two through Eight charge that Defendant billed Medicare seven (7) times in violation of 18 U.S.C. § 1347, and identify the dates of service, beneficiaries, and amount billed. (Doc. No. 1, pp. 5-6). Finally, Count Nine charges that on or about November 21, 2005, Defendant:

> did knowingly and willfully make a materially false, fictitious, and fraudulent representation in connection with the payment for health care benefits, items, or services, that is: defendant caused a false application to be submitted to Georgia Medicaid, a health care benefit program, for medical services on behalf of her five minor children, when defendant then knew that she was not entitled to receive such services and that the information contained on her application was false, in violation of Title 18, United States Code, Section 1035.

(Doc. No. 1, p. 7). This charge likewise tracks the language of 18 U.S.C. § 1035.

The Indictment sufficiently notifies Defendant of the charges against her. The counts track the language of the statutes allegedly violated, identify the goal of the scheme, identify the approximate time frame of the events, and specify the claims submitted in furtherance of the scheme to defraud Medicaid. See United States v. Bobo, 344 F.3d 1076, 1083-84 (11th Cir. 2003) (holding that the indictment must contain a statement of the facts and circumstances of the charges, and that "[t]ypically, an indictment sets forth what the scheme was designed to deprive the victim 'of' and then describes by what means the scheme was designed to be accomplished.") Each of Counts Two through Eight goes on to enumerate specifically what claims were allegedly submitted in furtherance of the scheme.

Thus, Defendant has been made aware that she is charged with executing a scheme to defraud Georgia Medicaid and with actually submitting specific false claims in furtherance of this scheme, all in violation of 18 U.S.C. § 1347. Defendant has also been made aware that she is charged with having made a false or fraudulent

representation in connection with the submission of an application to Medicaid on behalf of her five minor children on November 21, 2005, in violation of 18 U.S.C. §1035. Defendant may therefore prepare her defense accordingly. Furthermore, there is no risk of double jeopardy, as any future court in which Defendant may be tried "may refer to the entire record of the prior proceeding and [will] not be bound by the indictment alone." United States v. Steele, 178 F.3d at 1230, 1235 (11th Cir. 1999) (citing United States v. Jaswal, 47 F.3d 539, 542-43 (2d Cir.1995)).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE