FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUL 25 PM 1: 58

CLERK _M. [signature]_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.: CR406-376

REBECCA LENTZ

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Recommendation that Defendant's Motion to Dismiss be denied. Defendant has filed Objections, wherein she contends that while the Indictment charges her with filing a false and fraudulent Medicaid application, it does not allege "any particular false statement or false or fraudulent information in the application." (Doc. No. 29, p. 2).

As the Magistrate Judge noted, Count One of the Indictment "specifically alleges that on November 21, 2005, Defendant submitted a false and fraudulent application for retroactive eligibility to Medicaid for services on behalf of her five minor children . . . ." (Doc. No. 24, p. 2). The Indictment enumerates precisely what claims were allegedly fraudulent, i.e., what claims were submitted by Defendant for medical services despite knowing "that she was not entitled to receive such services and that the information contained on her application was false." (Doc. No. 1, p. 7). Defendant submits no authority supporting her proposition, which appears to be that the Indictment must specify which specific words contained in her submissions were allegedly false.

What is required to prove health care fraud under 18 U.S.C. § 1347 is that the defendant knowingly submitted false claims for services. In other words, the Government must show that Defendant submitted the claims in question with a knowledge that they were false. This is precisely what the Indictment charges. For example, the Indictment alleges that Defendant submitted a claim to Medicaid for services on November 18, 2005 for beneficiary "A.L." in the amount of $2,848.00. (Doc. No. 1, p. 6). Thus, Defendant is informed that she is alleged to have submitted this particular application despite knowledge that she was not entitled to receive the benefits claimed. (Doc. No. 1, p. 6). A "common sense construction" of the entire Indictment makes plain that the health care applications in question were meant to verify that the applicant was financially indigent, and that Defendant made representations in this regard as to her and her husband's financial position on the allegedly fraudulent applications listed in the Indictment. (Doc. No. 1, pp. 2-3). See United States v. Poirier, 321 F.3d 1024, 1029 (11th Cir. 2003). Defendant is accordingly on proper notice of the "nature and cause of the accusation as required by the Sixth Amendment of the Constitution." United States v. Dabbs, 134 F.3d 1071, 1079 (11th Cir. 1998).

The Magistrate Judge's Report and Recommendation is adopted as the opinion of this Court. Defendant's Motion to Dismiss (Doc. No. 11) is **DENIED**.

**SO ORDERED**, this 25th day of July, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA